IN THE SUPREME COURT OF TEXAS
 
══════════════════════════════
Nos. 09-0432, 09-0433, 09-0474, 
09-0703
══════════════════════════════
 
 
In re Olshan Foundation Repair Company, LLC 
and
Olshan Foundation Repair Company of 
Dallas, Ltd., RELATORS
 
 
════════════════════════════════════════════════════
On Petitions for Writs of 
Mandamus
════════════════════════════════════════════════════
 
 
            
Justice Hecht, concurring, 
in which Justice Medina 
joined.
 
 
            
I join fully in the Court’s opinion and write only with this further 
observation.
            
The homeowners contend that the contracts at issue violated the Texas 
Home Solicitation Act[1] because they did not contain the 
requisite notice of their right to cancellation and are therefore void by 
express provision of the Act.[2] In response, Olshan tells us in its briefing only that it “will present 
its defenses . . . in the arbitral forum”. 
Asked at oral argument what defenses it has to the homeowners’ contention that 
their contracts, including the arbitration provisions, are void and 
unenforceable, counsel answered that “there might be an estoppel defense” because the homeowners did not challenge 
the validity of the contracts until work was completed. Counsel also argued that 
even if the contracts are void, the arbitration provision is severable and 
valid, and the homeowners must still submit their complaints to arbitration. 
Olshan has cited no authority for either of these 
arguments.
            
The homeowners acknowledge that, as the Court notes, the validity of the 
contracts is a matter for the arbitrator to decide.[3] But the homeowners argue that the 
invalidity of the contracts is a foregone conclusion and that “the entire process . . . will be a needless waste of time, 
energy, and money”.[4] I agree with the Court that even if this 
is true, the contracts are not unconscionable. But being led on a wild goose 
chase,[5] if that is all arbitration comes to, is 
not without remedy.
            
If, as the homeowners predict, the arbitrator concludes that the 
contracts are indeed void, Olshan and its counsel are 
subject to being sanctioned by the trial court for filing a groundless motion to 
compel arbitration.[6] The trial court certainly has the 
authority to sanction frivolous resistance to arbitration, and sanctions are not 
a one-way ratchet. The court’s authority to sanction a frivolous motion to 
compel is not displaced by the arbitrator’s authority to determine the predicate 
issue–that the contracts are unenforceable. If the dispute returns to the trial 
court, the homeowners may seek full redress for Olshan’s lark.
 
                                                                        
                                                                                                            
 
                                                                        
Nathan L. Hecht
                                                                        
Justice
Opinion delivered: December 3, 
2010






[1] 
Act of May 18, 1973, 63rd Leg., R.S., ch. 246, § 1, 1973 Tex. Gen. Laws 574, codified as 
Tex. Rev. Civ. Stat. 
Ann. art. 5069-13.01, 
amended by Act of April 4, 1975, 64th Leg., R.S., ch. 
59, § 1, 1975 Tex. Gen. Laws 124, and by Act of May 27, 1995, 74th Leg., 
R.S., ch. 926, § 1, 1995 Tex. Gen. Laws 4649, 
recodified by Act of May 24, 1997, 75th Leg., R.S., 
ch. 1008, § 3, 1997 Tex. Gen. Laws 3091, 3583, as 
Tex. Bus. & Com. Code 
§§ 39.001-.009, and by Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 2.01, 2007 Tex. Gen. Laws 1905, 2026, as 
Tex. Bus. & Com. 
Code 
§§ 601.001-.205.

[2] Section 
601.201, Tex. Bus. & Com. 
Code, provides that “[a] sale or contract entered into under a consumer 
transaction in violation of . . . Subchapter 
D is void.” Section 601.152, in subchapter D, states: “A merchant may not: (1) 
at the time the consumer signs the contract pertaining to a consumer transaction 
or purchases the goods, services, or real property, fail to inform the consumer 
orally of the right to cancel the transaction; or (2) misrepresent in any manner 
the consumer’s right to cancel.” The prior versions of the Act contained 
substantively identical provisions. Former Tex. Bus. & Com. Code. § 39.008(a)(3)-(4) & (b); Tex. Rev. Civ. Stat. 
Ann. art. 
5069-13.03(a)(3)-(4) & (b).

[3] 
Ante 
at ___ (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 
U.S. 395, 404 (1967)).

[4] 
E.g., Brief of Real Parties in Interest Kenneth and Vickie 
Kilpatrick at 21.

[5] 
See 
William Shakespeare, Romeo and 
Juliet act 2, sc. 4:
 
                
 “Romeo: Switch and spurs, 
switch and spurs; or I’ll cry a match.
 
                
 “Mercutio: Nay, if thy wits run the wild-goose chase, I have 
done; for thou hast more of the wild-goose in one of thy wits than, I am sure, I 
have in my whole five.”

[6] Tex. R. Civ. 
P. 14; Tex. Civ. Prac. & Rem. Code 
§§ 9.001-.014, 
10.001-.006.